**JISHUANG LIN, also known as Lin Jishuang, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 06–2782–ag.

United States Court of Appeals, Second Circuit.

Dec. 19, 2006.

Gary J. Yerman, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Terri J. Scadron, Assistant Director, Joshua E. Braunstein, Trial Attorney, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Jishuang Lin, a citizen of the People's Republic of China ("China"), seek review of a May 17, 2006 order of the Board of Immigration Appeals ("BIA") affirming the February 23, 2005 decision of Immigration Judge ("IJ") Michael Rocco denying petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jishuang Lin a.k.a. Lin Jishuang,* No. A97 303 598 (B.I.A. May 17, 2006), *aff'g* No. A97 303 598 (Immig. Ct. Buffalo, N.Y., Feb. 23, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

The IJ denied Lin's asylum claim because he found that Lin did not file his

application within one year of entry into the United States, and he did not demonstrate changed conditions or extraordinary circumstances warranting an exception to the filing deadline. The Court lacks jurisdiction to review the agency's denial of asylum on this ground. *See Joaquin–Porras v. Gonzales*, 435 F.3d 172, 180 (2d Cir.2006).

As to Lin's withholding claim, we need not decide whether the IJ's adverse credibility determination was supported by substantial evidence because the evidence that Lin failed to meet his burden of proof on this claim is so overwhelming that "there is no realistic possibility of a different result on remand". *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 395 (2d Cir.2005); *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 161 (2d Cir.2006). The IJ reasonably found that there was no evidence in the record that Lin suffered past persecution while he was in China. The IJ noted that Lin was never arrested, detained, or questioned by the authorities during the almost two-year period between the time his alleged Falun Gong "master" purportedly told the authorities that Lin was a Falun Gong practitioner and the time Lin left China, even though Lin continued to live at his parents' house during that entire period.

■ With respect to Lin's claim that it is more likely than not that he will be persecuted if returned to China, Lin testified that when he spoke to his mother in late 1999, shortly after he left China, she told him that "officials ke[pt] asking where [he] went and because she didn't tell them, . . . she was under custody for 24 hours," and that his "younger brother was terminated from his school because of the—this reason." The IJ reasonably found, however, that Lin did not explain why and for what purpose the authorities allegedly sought him out—i.e., whether it was to question him, arrest him, or for some other reason. *See Gao*, 424 F.3d at 128 ("For withholding of removal, the applicant must meet the requirements of asylum eligibility and establish that it is more likely than not that were he or she to be deported his or her life or freedom would be threatened *on account of one of the five bases for asylum.*") (internal quotation marks omitted; emphasis added).

The IJ also found that, apart from Lin's alleged participation in two public Falun Gong gatherings in the United States, Lin provided no evidence of associations with any Falun Gong group or organization in this country, no evidence that he had any meaningful influence over the direction or activities of any Falun Gong group, and, most significantly, no evidence that the Chinese authorities knew about, or were likely to find out about, the comparatively minor activities in which he allegedly engaged in this country. *See Tun v. INS*, 445 F.3d 554, 570 (2d Cir.2006) (requiring evidence in the record that the relevant government officials were "likely to become aware of [the petitioner's] political activities"). Although Lin submitted into evidence six photographs of his alleged participation in the two public gatherings in the United States, only two of the photographs indicate, with an arrow, a person who is ostensibly Lin, and that person is in a crowd with his back to the photographer.

Thus, substantial evidence supports the IJ's determination that Lin failed to establish that it is more likely than not that he will be persecuted for being a Falun Gong practitioner should he return to China. *See Gao*, 424 F.3d at 128.

Because Lin's CAT claim was predicated on the same objective likelihood of persecution needed to make out his withholding of removal claim, he failed to establish eligibility for CAT relief. *Cf. Xue Hong Yang v. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DISMISSED insofar as it challenges the denial of petitioner's one-year bar to asylum claim and DENIED insofar as it challenges the denial of his claims seeking withholding of removal and CAT relief. Having completed our review, the motion previously granted for a stay of removal in this petition is VACATED.